OPINION of the Court, by
Judge Clark.
Job and Edward Johnson, on the 21st day of December, *805> commenced a suit in chancery in the Garrard circuit court, against Joseph Kennedy, to set aside a contract they had made with him, for the purchase of 500 acres of land: they allege that part of the 500 acres interfered with a survey in the name of William Maxey, which had been sold by the patentee to a certain John Ball, and by him to the complainants ; that an ejectment had been commenced by Kennedy, against 1⅛)⅝ and prosecuted to judgment, which had been enjoined ^7 a bill filed, for the purpose of trying the equity of the two claims, and on the final hearing of the cause, a decree was given in favor of Kennedy ; that
during the prosecution of the suits aforesaid, it was’ supposed, by Ball, that the patent obtained by Kennedy, for the land in contest, was older in date than the one under which he claimed ; that in fact, the patent granted to Maxey, was older than the one to Kennedy, but they were ignorant of it until after they had purchased the 500 acres, which was made for the purpose of securing them in the possession of the premises which had been the subject of contest. They charge Kennedy to have been acquainted with the true situation, of the claims at the trial of the suit in chancery, but fraudulently concealed the true date of his patent when he sold to the complainants. The answer of Kennedy, admits he has not the eldest patent, and that he knew it when he sold ; but states the land parted with, if clear of dispute, óf more value than what he got for it; that his object in selling was to get clear of dispute : he denies the fraud charged. The Johnsons obtained a decree in the court below, for a rescisión of the contract, from which Kennedy appealed to this court.
In all contracts for the translation of propertv, justice requires of the contracting parties, a disclosure of its particular qualities, and real value, so far as they possess a knowledge of them ; without this they would be unable to estimate their true interest, nor would they (if the *13 property possessed qualities different from what waa supposed at the time of the contract) he presumed to have given that free assent necessary to constitute one. It appears in this cause, that the Johnsons, at the time of making the purchase, believed Kennedy had the eider patent, and although he knew to the contrary, sold to them under that delusion. If there be an error in the thing, or subject contracted for, the contract is null in itself — -1 Fon. 108 : much more ought the contract or agreement to be considered as null and void, when the mistake has been accompanied v/ith fraud, and circumvention. The failure on the part of Kennedy, to declare the true situation of the titles,* when he had every reason to believe the Johnsons were moved to make the purchase under a belief that his patent was the eldest, was a clear and manifest fraud. It is laid down as a constant rule in chancery, that when there is supprcssio vert or suggestio Jaki, the deed or release shall be avoided — 1 Fon. llo, and the cases there cited. We have no hesitation in saying, if the suppression or suggestion be ef those things which induce the contract, equity ought to give relief. From the whole complexion of this cause, we are persuaded the principal inducement with the Johnsons for retaking the purchase, was to secure themselves in the possession of the premises, from the supposed elder legal title, and not for the purpose of compromising a doubtful claim, as was supposed by the counsel for Kennedy, m argument. Therefore, the decision in the case of Taylor vs. Patrick, decided by this court, fall term 1808, can have no bearing upon this question, for that was purely a compromise of a doubtful title. It was contended, as the records of the laud office afforded the Johnsons a fair opportunity of becoming acquainted with the title papers of the two claims, it was not incumbent on Kennedy to make any disclosure respecting them. The circumstances under which this purchase was made, were such as to prevent the application of that principle, were it correct, if the dates of their patents had not been a subject of contest between them, Kennedy might have supposed the Johnsons to have had equal knowledge with himself, respecting them. But when he had recovered in an ejectment, where the legal title was properly the subject of inquiry, and a bill filed under a belief that he held the *14 eldest grant, which was dismissed by the court, hoc because Kennedy had a valid entry, but under the mistaken apprehension that he had the elder legal title ; he could not have supposed they possessed the same information he did, or that they would have purchased, had that fact been known to them.
Wherefore it ⅛ decreed and ordered, that the decree of the Garrard circuit court, be affirmed, and that the appellant pay unto the appellee his costs in this behalf expended»